ERNEST L. CAFLISCH, Respondent, *v.* CLYMER STATE BANK et al., Appellants.

(Argued October 14, 1929; decided November 19, 1929.)

*Ernest W. Leet, Robert H. Jackson* and *John E. Durkin* for appellants. The bank was not bound by the alleged conversations of its officers; the oral contracts if made were void and no constructive trust would result from them and the facts do not sustain the conclusion that the bank is estopped from asserting its title. (*Cooley* v. *Lobdell,* 153 N. Y. 596; *McCartney* v. *Titsworth,* 119 App. Div. 547; *Sleeth* v. *Sampson,* 237 N. Y. 69; *Wooley* v. *Stewart,* 222 N. Y. 347; *McKenna* v. *Meehan,* 248 N. Y. 206; *Wood* v. *Rabe,* 96 N. Y. 414; *Todd* v. *Pratt,* 149 App. Div. 459; *Sinclair* v. *Purdy,* 235 N. Y. 245; *Leary* v. *Corvin,* 181 N. Y. 222; *Fletcher* v. *Manhattan Life Ins. Co.,* 197 App. Div. 484.)

*C. R. Crosby* and *Nelson J. Palmer* for respondent. The administrators' contract was not an illegal contract in the sense that it was without any force or legal effect or could not be enforced in equity in a proper case. (*Elliott* v. *Asiel*, 120 App. Div. 829; *Moss* v. *Cohen*, 158 N. Y. 241.) The bank is estopped from questioning the validity of the administrators' contract. (*Ryan* v. *Dox*, 34 N. Y. 307; *Rothchild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *Curnen* v. *Mayor*, 79 N. Y. 511; *Continental Nat. Bank* v. *Nat. Bank*, 50 N. Y. 575; *Parmely* v. *Showdy*, 86 Misc. Rep. 634; *Fernberg* v. *Allen*, 143 App. Div. 866; 208 N. Y. 215; *Hazzard* v. *Wilson*, 22 Misc. Rep. 397; *Brown* v. *Bowen*, 30 N. Y. 519; *Crawford* v. *Ormsbee*, 6 App. Div. 50.)

*Per Curiam.* The administrators of the estate of George G. Kemp made a contract in writing to sell to the plaintiff ten acres of land, constituting a part of an eighty-acre piece, which belonged to the children of George G. Kemp, for the sum of $300, $200 to be paid on the signing of the contract, and the balance upon a delivery of a deed. One of the administrators was the cashier of the defendant bank which held a mortgage upon the land which secured the repayment of a sum of money far in excess of the value of the land. It was agreed that the administrators, upon receipt of the moneys, would pay them over to the bank, in reduction of the mortgage, and that the bank would thereupon release the ten-acre piece from the mortgage lien. The plaintiff made the down payment of $200, which was paid over to the bank, and went into possession of the premises. Later proceedings were taken in Surrogate's Court to sell the eighty-acre parcel to pay the debts of the decedent. The plaintiff stated that he would make no objection to the sale, if the bank would bid in the property and deed to him the ten acres. To this the bank agreed. On the sale the eighty acres were sold, subject to the mortgage, to the defendant

bank for the sum of one dollar. The bank thereafter refused to convey the ten acres to the plaintiff.

The plaintiff acquired no title or equitable claim to the ten-acre parcel through the written contract with the administrators. They had no title to convey, and were powerless to contract to make a sale of lands belonging to the heirs at law. If the plaintiff believed otherwise his mistake was one of law and not of fact. If he had a cause of action for the return of the moneys paid by him, it was one against the administrators and not against the bank. If it be said that the bank failed to perform its promise to release the ten acres from the lien of the mortgage, the answer is that the plaintiff has not been damaged, since such a release would have redounded to the benefit only of persons having title, and the plaintiff never owned or acquired the title. The sale of the eighty-acre piece to the defendant bank in no wise operated to the injury of the plaintiff. It is urged that the plaintiff omitted to make objection to the sale because the bank promised to convey to him the ten acres if it became the purchaser. The difficulty is that the plaintiff had no valid objection which he could interpose to stop the sale. In no wise was he misled to his own injury by the promise of the bank. If it be argued that because of the bank's promise he remained away from the sale, the answer is that he could not have been harmed thereby. The land was sold subject to a mortgage held by the bank which secured an amount far in excess of the value of the entire eighty acres. The plaintiff could not have acquired the property at the sale unless he had bid a greater sum than the land was worth. He was not injured by being deprived of an opportunity so to bid.

The judgments should be reversed, with costs in all courts and the complaint dismissed.

CARDOZO, Ch. J., KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND and CRANE, JJ., dissent; LEHMAN, J., not sitting.

Judgments reversed.